IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JOEL K. PARKER,**

       **Petitioner,**

v.                                                            **Case No.: 2:23-cv-00695**

**ROBERT BROWN,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Joel K. Parker, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking a vacatur of his conviction and sentence. (ECF No. 1). Pending before the Court is the review of the petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, which applies to petitions brought under § 2241. This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Parker's petition, (ECF No. 1), be **DISMISSED**, without prejudice, and removed from the docket of the court.

**I.**      **Relevant Procedural History**

On September 24, 2008, a grand jury sitting in the United States District Court for the District of Nevada ("Nevada District Court") returned a superseding indictment charging Parker with two counts of Assaulting, Resisting, or Impeding Certain Officers or

1

Employees in violation of 18 U.S.C. § 111. *United States v. Parker*, Case No. 2:06-cr-109-PMP-LRL (D. Nev. Sept. 24. 2006), at ECF No. 69. On March 4, 2009, Parker filed a Motion to Dismiss the superseding indictment on the grounds that the involved officers, who were federally-deputized Hoover Dam Police Officers, were not "federal officers" within the meaning of 18 U.S.C. § 111. *Id.*, at ECF No. 102. The Nevada District Court denied the motion without prejudice. *Id.*, at ECF No. 129. Parker proceeded to trial on June 28, 2010, with the jury returning a verdict two days later, finding Parker guilty on both counts. *Id.*, at ECF Nos. 145, 147, 150, 154. The Nevada District Court sentenced Parker to 180 months of imprisonment on October 6, 2010. *Id.*, at ECF No. 160.

Parker appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). *Id.*, at ECF No. 161. On August 12, 2011, the Ninth Circuit entered an opinion affirming the judgment of the Nevada District Court. *Id.*, at ECF No. 177. A review of the opinion indicates that Parker did not raise on appeal the denial of his Motion to Dismiss. Parker petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on January 13, 2012. *Id.*, at ECF No. 180.

On January 8, 2013, Parker filed a Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255. *United States v. Parker*, Case No. 2:06-cr-109-GMN-LRL (D. Nev. Jan. 18, 2013), at ECF No. 181. Parker alleged violations of due process, ineffective assistance of counsel, prosecutorial misconduct, conflict of interest, defective indictment, lack of jurisdiction as the Hoover Dam Police were not federal officers under § 111, and abuse of discretion by the Court. *Id.* The Nevada District Court denied the § 2255 Motion after determining that Parker did not demonstrate ineffective assistance of counsel and every other argument he raised had already been addressed and rejected on direct appeal. *Id.,* at ECF No. 184. Parker appealed the judgment to the Ninth Circuit,

2

which denied the appeal on June 12, 2013. *Id.,* at ECF No. 190.

Parker submitted to the Nevada District Court a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) on May 12, 2021. *Id.,* at ECF No. 193. Parker argued that the Nevada District Court failed to consider all of the grounds he raised in his § 2255 Motion, thus resulting in a "defect in the integrity of the proceedings." *Id.* In particular, Parker again raised a challenge to the determination that the Hoover Dam Police were federal officers under 18 U.S.C. § 111. *Id.* The Nevada District Court denied Parker's Motion on October 21, 2021, finding the motion to be a successive § 2255 motion that was filed without the required authorization from the Ninth Circuit. *Id.,* at ECF No. 199. Furthermore, the Nevada District Court rejected Parker's contention that there was a defect in the integrity of the prior proceedings. *Id.* Parker requested a certificate of appealability from both the Nevada District Court and the Ninth Circuit, but these requests were denied. *Id.,* at ECF Nos. 211, 212, 214.

Parker filed the instant petition under 28 U.S.C. § 2241 on October 20, 2023 while he was incarcerated at Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia. (ECF No. 1). Two months later, Parker alerted the Clerk of Court that he had been transferred from West Virginia and was housed temporarily at the federal transit center in Victorville, California. (ECF No. 3). In January 2024, Parker notified the Clerk that he had arrived at his new place of incarceration—United States Penitentiary ("USP") Lompoc in Lompoc, California. (ECF No. 5).

In his § 2241 petition, Parker challenges the validity of his conviction or sentence. (ECF No. 1 at 3). He argues that his conviction was entered without jurisdiction, because the Hoover Dam Police were not federal agents or officers under 18 U.S.C. § 111. (*Id.* at 3, 9). Parker confirms that he appealed his conviction to the Ninth Circuit and the Supreme

Court and subsequently filed a § 2255 motion again raising this challenge to his conviction and sentence. (Id. at 3-4). Parker contends that the Nevada District Court and the Ninth Circuit have refused to consider his claim that the Hoover Dam Police were not federal officers. (*Id.* at 5-9).

## II. Standard of Review

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that the rules applying to § 2254 proceedings may be applied to any habeas corpus petition. Rule 4 requires a judge to conduct a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Parker has filed his petition *pro se*, and courts are required to liberally construe *pro se* pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition is subject to dismissal if it fails to state a cognizable claim, states claims over which this Court lacks jurisdiction, or fails to overcome relevant gatekeeping provisions.

## III. Discussion

It is well settled that federal district courts have the inherent power "to control and protect the administration of court proceedings." *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). "As such, the court has the power to consider sua sponte whether venue is proper." *Brown v. Shanahan*, No. 819CV00210TMCJDA, 2019 WL 1995104, at *2 (D.S.C. Mar. 29, 2019), *report and recommendation adopted,* No. 8:19-CV-210-TMC, 2019 WL 1995301 (D.S.C. May 6, 2019) (citations omitted). In the case of a "core" habeas petition—that is, one which challenges present physical confinement—

venue generally lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *also United States v. Matteer,* 802 Fed. Appx. 797, 798 (4th Cir. 2020) ("Inmates seeking § 2241 relief must file the petition in their district of confinement and name their immediate custodian, i.e., the warden of their detention facility, as the respondent.").

Here, Parker was housed at FCI Gilmer when he prepared and mailed his § 2241 petition. FCI Gilmer is located in the Northern District of West Virginia, not the Southern District. Consequently, this district was not the proper venue for the petition even when Parker was incarcerated in the State of West Virginia. At some point thereafter, and prior to review of the instant petition, Parker was transferred to FCI Victorville Medium II and finally to USP Lompoc. Not only are these institutions located outside of this district, they are across the United States in the State of California. Accordingly, the undersigned **FINDS** that this Court is not, and was never, the proper venue for Parker's petition, and it should be transferred or dismissed.

By statute, United States District Courts are authorized to transfer cases to another jurisdiction when venue is improper. *See Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011), *as amended* (July 21, 2011) (Although the authority to transfer a case under § 1631 exists only when the transferring court lacks jurisdiction, courts have inherent power to transfer cases over which they have jurisdiction but not venue). "[U]pon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 Fed.

5

Appx. 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). As is relevant to this case, transferring a petition which is filed in the incorrect venue is not mandatory. *Id*. at 984. Instead, the District Court retains the discretion to dismiss, rather than transfer, a petition that is improperly filed, frivolous, or time-barred. *Id*. As explained below, the undersigned **FINDS** that dismissal, without prejudice, is required here.

A federal prisoner has two primary avenues for relief when challenging the legality of his conviction or sentence. If the prisoner seeks to challenge the *validity* of his conviction or sentence, he must do so through a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed in the court which sentenced him; if he seeks to challenge the *execution* of his conviction or sentence, he must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed in the district of confinement. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). There are narrow circumstances, however, in which a prisoner may be permitted to challenge the validity of his conviction or sentence through a § 2241 petition. Section 2255 contains a savings clause, which allows a prisoner to proceed through § 2241 if for some reason § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In *Jones v. Hendrix*, the Supreme Court explained that § 2255 is only "inadequate or ineffective" to challenge a conviction in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, where the court of conviction no longer exists. 599 U.S. 465, 474 (2023). According to the Supreme Court, to apply a broader interpretation of the savings clause would allow prisoners to circumvent the limitations contained in § 2255. "Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this court to have subject matter

6

jurisdiction." *Mata v. Brown*, No. 3:23-CV-112, 2023 WL 9118692, at *7 (N.D.W. Va. Oct. 19, 2023), *report and recommendation adopted,* No. 3:23-CV-112, 2023 WL 8828599 (N.D.W. Va. Dec. 21, 2023). The decision in *Jones v. Hendrix* forecloses Parker's § 2241 petition, because he fails to demonstrate any "unusual circumstance" that would allow his petition to proceed under the savings clause. *See Jackson v. Leu*, __F. Supp.3d__, 2023 WL 6964748, at *5 (E.D. Va. Oct. 20, 2023) ("Finally, Petitioner has not identified any 'unusual circumstances' that 'make it impossible or impracticable to seek relief in the sentencing court.' … Without more, Petitioner has not established that § 2255 is 'inadequate or ineffective to test the legality of his detention,' § 2255(e), and he cannot proceed under § 2241."); *Valentine v. Tarrentino*, No. 5:23-HC-02054-M, 2023 WL 8037121, at *2 (E.D.N.C. Nov. 20, 2023) ("In sum, because petitioner failed to seek relief under § 2255 and he does not present unusual circumstances showing his inability to seek relief in the sentencing court, he fails to satisfy either § 2255(e) "savings clause" test, and the court lacks jurisdiction to consider this petition."). Parker's challenge to the validity of his conviction and sentence must be pursued under § 2255.

As such, this Court could construe the petition as a motion under § 2255 and transfer it to the Nevada District Court under 28 U.S.C. § 1631. However, to do so would be futile. Parker has already filed a § 2255 motion and a motion under Rule 60(b) challenging his conviction and sentence, which the Nevada District Court rejected as a successive. The Court could recharacterize the petition as a motion for pre-filing authorization and transfer it to the Ninth Circuit for consideration. However, for a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

7

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock*, 340 F.3d at 205. "[T]ak[ing] a peek at the merits" of the petition, Parker does not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips v. Seiter*, 173 F.3d 609, 610 (4th Cir. 1999). Parker does not submit newly discovered evidence, nor offer a new rule of constitutional law that applies retroactively to his case. Accordingly, the undersigned **FINDS** that (1) this Court lacks jurisdiction to consider Parker's habeas petition, and (2) recharacterizing and transferring the petition do not further "the interest of justice."

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Parker's petition, (ECF No. 1), be **DISMISSED**, without prejudice, and this case be removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made

and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED**: March 12, 2024

Cheryl A. Eifert
United States Magistrate Judge