```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

JOEL K. PARKER,

      Petitioner,

v.                         Civil Action No. 2:23-cv-00695

ROBERT BROWN,

      Respondent.

## MEMORANDUM OPINION AND ORDER

      Pending is petitioner Joel K. Parker's petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241 (ECF No. 1), filed October 20, 2023.  As a habeas action, this proceeding was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R").  Judge Eifert filed a PF&R (ECF No. 6) on March 12, 2024, to which neither party has objected.

      Petitioner was tried and convicted in June, 2010, by the United States District Court for the District of Nevada for two counts of assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. section 111 and was sentenced to 180 months imprisonment by that court on October 6, 2010.  PF&R at 1-2.  Petitioner filed the petition in this action in October 2023, while incarcerated in Glenville,

West Virginia.  PF&R at 3.  In January 2024, petitioner notified the court that he was housed temporarily in Victorville, California, while in transit, and later that month he notified the court that he had arrived at his new place of incarceration in Lompoc, California.  PF&R at 3.

Judge Eifert sua sponte determined that venue in the Southern District of West Virginia is improper, as petitioner was incarcerated in the Northern District of West Virginia when the petition was prepared and mailed and is now incarcerated in California.  PF&R at 5.  While acknowledging that in some instances it would be proper to transfer such a proceeding to the proper venue, Judge Eifert recommends that the proceeding be dismissed because: (1) petitioner's challenge to the validity of his conviction must be pursued under a section 2255 petition (rather than this section 2241 petition); (2) the petition does not contain the necessary information for what would be a successive section 2255 petition, precluding recharacterization by the court; and (3) recharacterization would be futile, as the petition contains no potentially meritorious claim.  PF&R at 6-8.  Thus, Judge Eifert recommends that the petition be dismissed without prejudice.  PF&R at 8.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the

2

magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due March 29, 2024, and none having been filed, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The findings and recommendations made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. The petitioner's section 2241 habeas petition be, and it hereby is, DENIED; and

3. This action be, and it hereby is, DISMISSED without prejudice from the docket of this court.

4

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: April 2, 2024

John T. Copenhaver, Jr.
Senior United States District Judge